■ In the Matter of the Claim of DEBBIE PASTORE, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 297] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

Claimant lost her temporary employment as a secretary with the New York City Parks Department under nondisqualifying conditions. Claimant's application for unemployment insurance benefits filed October 7, 2002 indicated that she was not available to work Fridays because of lack of child care arrangements but was attempting to resolve that situation. By initial determination, claimant was deemed ineligible to receive benefits effective October 7, 2002 because she was unavailable for work. At the ensuing administrative hearing, claimant explained that because there was no after-school program on Fridays, she had been without child care for her daughter on October 11, 2002 and October 18, 2002. By October 25, 2002, claimant had found someone to pick her child up from school on Fridays. Based upon claimant's testimony, the Administrative Law Judge modified the initial determination by finding that claimant was unavailable for work effective October 11, 2002 and October 18, 2002 only. The Administrative Law Judge, however, continued the initial determination of unavailability for work. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.

A claimant must be ready, willing and able to work in his usual employment in order to be eligible to receive unemployment insurance benefits (*see* Labor Law § 591 [2]) and a lack of child care arrangements for a particular time frame can render a claimant unavailable for work (*see Matter of McCarthy [Sweeney]*, 213 AD2d 912 [1995]). Here, claimant asserts that she was completely denied benefits. Reviewing the Board's decision, however, it is unclear whether claimant was completely ineligible to receive unemployment insurance benefits or just ineligible on the two dates that she was without child care. Accordingly, we must withhold our decision and remit the matter to the Board for a clarification as to whether claimant's unavailability on October 11, 2002 and October 18, 2002 precluded any receipt of unemployment insurance benefits or just for the two days she was unavailable for work.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.